PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com
Attorney for Plaintiff
SCOTT NEWMAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT NEWMAN,<br><br>      Plaintiff,<br><br>  vs.<br><br>KOHL'S CORPORATION, a nationwide retail corporation; and DOES 1 to 10, inclusive,<br><br>      Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br>   **[47 U.S.C. § 227]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## COMPLAINT FOR DAMAGES

### I.    INTRODUCTION

1.    Scott Newman ("Plaintiff") brings this action to secure redress from Kohl's Corporation ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788.  The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among

other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").  The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.     JURISDICTION AND VENUE

2.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.  Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## III.     PARTIES

3.     Plaintiff is an individual, residing in Bakersfield, Kern County, California 93313.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

4.     Defendant is a corporation, headquartered at W17000 Ridgewood Drive, Menomenee Falls, Wisconsin 53051.  Defendant's registered agent for services of process is The CT Corporation System, 222 W Washington Avenue, Madison, Wisconsin 53703.

5.     In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).  Defendant

regularly engages in the collection of debt by telephone in several states, including California.

6. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.    FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f) ("alleged debt").

8. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (262) 704-9780, (414) 257-2339, and (903) 593-8790.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone numbers (262) 704-9780, (414) 257-2339, and (903) 593-8790 for the purpose of collecting the alleged debt.

9. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff from a telephone number that could only be identified on Plaintiff's caller identification system as "11."

10. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's cellular telephone number (661) 390-3397.

11. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

12.    Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

13.    Upon information and belief, and without limitation, during the period of time between Wednesday, May 22, 2013 and Monday, August 26, 2013 Defendant called Plaintiff's cellular phone on at least seventy-five (75) separate occasions.

14.    Upon information and belief, Defendant called Plaintiff five (5) times on Friday, May 24, 2013 at 8:03 a.m., 8:33 a.m., 10:55 a.m., 11:11 a.m., and 1:13 p.m., respectively.

15.    Upon information and belief, Defendant called Plaintiff four (4) times on Saturday, June 1, 2013 in an attempt to collect an alleged debt, at 8:10 a.m., 8:19 a.m., 9:21 a.m., and 12:59 p.m., respectively.

16.    Upon information and belief, Defendant called Plaintiff five (5) times on Sunday, June 2, 2013 in an attempt to collect an alleged debt, at 8:23 a.m., 10:21 a.m., 11:48 a.m., 1:59 p.m., and 7:14 p.m., respectively.

17.    On or about Wednesday, August 7, 2013, Defendant called Plaintiff's cellular telephone in connection with an attempt to collect an alleged debt. Plaintiff instructed Defendant not to call Plaintiff's cellular telephone again.

18.    On Monday, August 12, 2013, Defendant called Plaintiff's cellular telephone number at 7:59 a.m., despite having being asked not to call Plaintiff's cellular telephone on Wednesday, August 7, 2013.

19.    On Monday, August 12, 2013, Plaintiff again requested that Defendant cease contacting Plaintiff on Plaintiff's cellular telephone number.

20.    On Wednesday, August 21, 2013, Defendant called Plaintiff's cellular telephone at 8:32 a.m., despite having been asked on two previous occasions by Plaintiff not to call Plaintiff's cellular telephone.

21. On Wednesday, August 21, 2013, Plaintiff again requested that Defendant cease contacting Plaintiff on Plaintiff's cellular telephone.

22. On Monday, August 26, 2013, Defendant again called Plaintiff's cellular telephone at 8:03 a.m., despite having been asked on two previous occasions by Plaintiff not to call Plaintiff's cellular telephone.

23. On Monday, August 26, 2013, Plaintiff requested for a fourth time that Defendant cease contacting Plaintiff's cellular telephone.

24. Between May 24, 2013 and July 28, 2013, Defendant called Plaintiff's cellular telephone no less than one hundred and thirty-one (131) times.

25. On or about July 28, 2013, at approximately 3:45 p.m., Defendant called Plaintiff's cellular telephone.  Plaintiff answered the telephone for the purpose of telling Defendant to stop calling.  Defendant hung up on Plaintiff.

26. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

27. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

28. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

29. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

COMPLAINT FOR DAMAGES

30.     Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (661) 390-3397 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

31.     Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

32.     Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on, but not limited to, the following dates and by the following means:

(a)     On or about Wednesday, August 7, 2013, Plaintiff revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone;

(b)     On or about Monday, August 12, 2013, Plaintiff revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone;

(c)     On or about Wednesday, August 21, 2013, Plaintiff revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone;

(d)     On or about Monday, August 26, 2013, Plaintiff revoked consent for Defendant to contact Plaintiff on Plaintiff's cellular telephone;

33.     Defendant called Plaintiff at Plaintiff's cellular telephone number (661) 390-3397 no less seventy-five (75) times using an "automatic telephone dialing system" or an "artificial or prerecorded voice" after Plaintiff requested in writing that Defendant stop calling Plaintiff's cellular telephone using an "automatic telephone dialing system."

34. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

35. Defendant is not a tax exempt nonprofit organization.

36. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful was willful because Plaintiff made no less than, and at least four (4) demands that Defendant stop calling Plaintiff on Plaintiff's cellular telephone.

37. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less seventy-five (75) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V. FIRST CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(1) by calling at an unusual time or place or a time or place known which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

(ii)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(iii)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(iv)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect a debt or obtain information about a consumer; and

(v)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

40.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41.  As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## VI.     SECOND CAUSE OF ACTION

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

50.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

## VIII.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

                                        RESPECTFULLY SUBMITTED,

Dated: October 24, 2013        PRICE LAW GROUP, APC

                                        By: /s/ G. Thomas Martin, III

                                        G. Thomas Martin, III
                                        *Attorney for Plaintiff*

COMPLAINT FOR DAMAGES